FRUIT DISPATCH COMPANY, APPELLEE, V. BERNARD GILIN-SKY, APPELLANT.

FILED DECEMBER 14, 1909.   No. 15,743.

OPINION on motion for rehearing of case reported in 84 Neb. 821. *Former opinion modified and rehearing denied.*

PER CURIAM.

Defendant insists, in a supplemental brief for a rehearing, that the fourth paragraph of the syllabus and so much of the opinion as refers thereto do not state the law, nor respond to the facts in the case. There is apparent, but

not actual, ground for complaint. Plaintiff pleaded the Iowa statute of frauds and the interpretation given thereto by the supreme court of Iowa. Defendant, among other defenses in his answer, alleges that the contract in suit is void because no note with respect thereto had been subscribed by him, and he had not accepted nor received said bananas or any part thereof, nor paid any part of the purchase price therefor. The case was tried on the theory that the transaction was controlled by the laws of Iowa. Defendant requested the court to instruct the jury that the bananas had not been delivered to defendant, "but that they were tendered to the defendant in Council Bluffs, Iowa, and if you find that at the time they were tendered to the defendant in Council Bluffs, Iowa, the bananas were green, clean and in good condition, you should find for the plaintiff, but, if they were not green, clean and in good condition when they were tendered to the defendant in Council Bluffs on November 12, 1905, then your verdict must be for the defendant." Nowhere in the record of the trial is there any evidence that defendant presented the Nebraska statute of frauds as a defense. In defendant's brief first filed in this court the only reference to the statute is that the proof does not establish a delivery of the bananas. In the brief for a rehearing the statute of frauds is not mentioned, but in the supplemental brief for the first time defendant insists that principle of law controls the rights of the parties, and was erroneously applied in the opinion of Judge Rose. It is elementary that a party in an action at law will not be permitted in this court to abandon the theory upon which he tried his case in the district court and predicate error upon rulings of the trial court which were fair when considered in the light of that theory. The Nebraska statute of frauds is immaterial in view of defendant's conduct in the district court. Whether the Iowa statute should control, had defendant insisted in the district court upon the protection of the Nebraska statute, is immaterial, and will not be determined in the condition of the record.

The fourth paragraph of the syllabus and so much of the opinion as refers to defendant having urged the Iowa statute of frauds as a defense are therefore withdrawn. The other matters referred to in the motion for a rehearing have been considered, but do not justify a rehearing.

The motion for a rehearing is

OVERRULED.